JOHN BENT & another *vs.* GEORGE W. COBB & another.

A guardian, who acts as auctioneer in selling land of his ward under license of court, is not authorized as such to sign for the purchaser a memorandum in writing to take the sale out of the statute of frauds.

ACTION OF CONTRACT by guardians on a sale by auction of land of their ward pursuant to a license of the judge of probate. Answer, the statute of frauds.

At the trial in the court of common pleas it appeared that one of the plaintiffs was the auctioneer at said sale, and on the same day made a memorandum thereof in writing, and signed it with his own name as " guardian and auctioneer ; " but the defendants refused to accept a deed or pay the price. The defendants objected that a seller and plaintiff was not authorized to sign a memorandum as agent of the purchasers. But *Sanger*, J. overruled the objection. The jury returned a verdict for the plaintiffs, and the defendants alleged exceptions.

*E. Ames*, for the defendants.

*J. A. Andrew*, for the plaintiffs.

BIGELOW, J. The memorandum of the contract, on which the plaintiff relies to take the case out of the operation of the statute of frauds, is in our judgment insufficient, because it is not signed by the defendant, or by " any person thereunto by him lawfully authorized." In all cases of sales by auction, the auctioneer, acting only as such, is the competent agent of both parties, and his memorandum of a contract or agreement is binding on both. He is the agent of the vendor by virtue of his employment to make the sale, and he is made the agent of the vendee by the act of the latter in giving him his bid and receiving from him without objection the announcement that the property sold is knocked off to him as purchaser. But this rule is not applicable to cases where the auctioneer is also himself the vendor. The great mischief intended to be prevented by the statute would still exist, if one party to a contract could make a memorandum of it which would absolutely bind the other. If

such were its true construction, it would be a feeble security against fraud ; or rather it would open a door for its easy commission. A vendor could fasten his own terms on his vendee. If it was a written contract binding on the purchaser, he could not show by parol evidence that the terms of the bargain were incorrectly or imperfectly stated. He could not vary or alter it by the testimony of those present at the sale. The publicity of a sale by auction would be no safeguard against a false statement of the terms of sale, made in the written memorandum signed by a party acting in the double capacity of auctioneer and vendor. The chief reason in support of the rule, that an auctioneer, acting solely as such, may be the agent of both parties to bind them by his memorandum, is that he is supposed to be a disinterested person, having no motive to misstate the bargain, and entitled equally to the confidence of both parties. But this reason fails when he is the party to the contract and the party in interest also. The purpose of the statute was, that a contract should not be binding unless it was in writing and signed by the party himself to be charged thereby, or by some third person in his behalf, not a party to the contract, who might impartially note its contents.

Nor can it make any difference as to the power of the vendor to make a memorandum binding on the vendee, that the sale is made by the former in a representative or fiduciary character as an executor, administrator, guardian or trustee. He is still the party to the contract, the price is to be paid to him, he is to deal with the purchase money ; his interest and bias would naturally be in favor of those whom he represented, and, what is more material, in case of dispute or doubt as to the terms of the contract, his duties and interests would be adverse to those of the vendee. He would stand in a relation which would necessarily disqualify him from acting as agent of both parties. We do not mean to say that a contract would not be binding, made by an auctioneer, where, from the form in which it was written, an action might be brought to enforce the contract in his name. In such case, if he was only the nominal party to the contract and the record, not being himself the vendor, and having no

interest in the sale except as auctioneer, his memorandum might be sufficient to bind both parties to the contract. But we confine our opinion to the case at bar, where the auctioneer was the vendor and a party having an interest, greater or less, in the contract, as well as a party to it in terms. *Wright* v. *Dannah* 2 Campb. 203. *Farebrother* v. *Simmons,* 5 B. & Ald. 333. *Rayner* v. *Linthorne,* 2 Car. & P. 124. *Bird* v. *Boulter,* 4 B. & Ad. 443, and 1 Nev. & Man. 313. *Smith* v. *Arnold,* 5 Mason, 417. *Exceptions sustained.*